[No. 8584. ·Department One.   May 18, 1910.]

THE CITY OF ABERDEEN, *Respondent*, v. LYTLE LOGGING &
MERCANTILE COMPANY, *Appellant*.[1]

WATERS AND WATER COURSES—POLLUTION OF STREAM—RIPARIAN
RIGHTS—EQUITY—INJUNCTION.  Equity will restrain a logging com-
pany from polluting a stream constituting a city water supply, by
the use of a bridge which had settled into the water, where the
bridge could be raised and the injury obviated at slight expense,
even though the logging operations were carried on in the usual
manner; since (1) each riparian owner's rights is qualified by the
reasonable rights of the other, and (2) the pollution was due to im-
proper use of the land and not of the waters of the stream.

Appeal from a judgment of the superior court for Chehalis
county, Irwin, J., entered June 26, 1909, upon findings in
favor of the plaintiff, in an action to enjoin interference
with the waters of a stream, after a trial on the merits before
the court without a jury.   Affirmed.

·  *W. H. Abel* and *C. W. Hodgdon*, for appellant.·
*Austin M. Wade*, for respondent.

CHADWICK, J.—The present source of water supply of the
city of Aberdeen is Stewart creek, upon the banks of which a
pumping station has been maintained by the city for the past
fifteen years.   Stewart creek flows across section 31, town-
ship 18, north, range nine west, Willamette Meridian.   A
tributary rises and flows into the creek on the said section.
Section 31 is owned by the Lytle Logging Company, a cor-
poration, and it is complained that it has located and is
maintaining its camps and is logging the lands, so that quan-
tities of brush, debris, and surface soil are dragged into the
waters of Stewart creek, so that they are polluted and con-
taminated and rendered unfit for domestic use.

The trial court found that, in the prosecution of its log-

[1]Reported in 108 Pac. 945.

ging operations, the company has constructed a logging road, or fore-and-aft bridge or pole road, across a portion of section 31 and across Stewart creek; that the bridge is so constructed that it rests in the waters of, and in the bed of, the creek, and that the injury complained of has resulted because of the improper construction and use of the logging road. The court also found that the defendant was logging in the way such operations are usually carried on in Western Washington, and in a reasonably prudent and careful manner. The court decreed that the logging company be perpetually enjoined and prohibited from hauling or transporting any logs across Stewart creek, and prohibited from hauling or transporting logs across the fore-and-aft bridge maintained across the creek, until the bridge be reconstructed in such way that the bridge will not interfere with the natural flow of the creek, the court having theretofore found that the bridge could be raised about one foot above the water at a very slight expense. Defendant has appealed.

The only question in the case is stated by counsel for appellant as follows:

"Whether, since appellant is carrying on its logging operations in an ordinarily prudent and careful manner, it can be enjoined at the suit of the city on account of the slight incidental disturbance of the waters of Stewart creek from which the city derives its water supply; . . . the determination of this case depends upon whether our use of the stream is reasonable."

Both parties, so far as it is made to appear, are rightfully occupying the land, and if the court's findings could be limited to the one, holding that the logging operations were carried on in a reasonably prudent and careful manner, nothing would be left for our consideration. But the court having also found that the defendant had, after the issuance of the restraining order, hauled some of its heavy equipment over the fore-and-aft bridge, causing the bridge to settle and lower into the creek; that if used in its present condition

the water would be made muddy and somewhat polluted, and that to obviate this possibility the bridge should be elevated, we think a case is presented calling for the equitable interference of the court, opening as it were the legal question whether one of two joint or common occupants of the land can so use the stream as to annoy or injure the other, when it can reasonably be avoided.

The cases cited by appellant go no further than to hold that every man had the right to the natural use and enjoyment of his property, and if, as an incident to that use and enjoyment, he does not unreasonably trespass upon the rights of others, no action will lie. But it does not follow that others may not compel a reasonable regulation of that use. Such mischief as appellant is likely to feel from the insistence of respondent that its water supply be kept pure and clear can be obviated at an expense so trifling that compliance with the order of the court cannot be called a hardship or work a loss of property rights. On the other hand, any obstruction tending to the pollution of the waters of Stewart creek might work irreparable mischief, reaching far beyond the inconvenience of the landowner. Even in the case of *Helfrich v. Catonsville Water Co.*, 74 Md. 269, 22 Atl. 72, 28 Am. St. 245, 13 L. R. A. 117, cited by counsel, an exception to the general rule that the pollution of a stream by a riparian owner could not be restrained where it was a natural incident to the proper and reasonable use, is admitted where there is a necessity founded upon "grave public considerations." The whole subject is covered by the case of *McEvoy v. Taylor*, 56 Wash. 357, 105 Pac. 851, where this court said:

"Each riparian owner is entitled to a reasonable use of the waters as an incident to his ownership, and as all owners upon the same stream have the same right of reasonable use, the use of each must be consistent with the rights of others, and the right of each is qualified by the rights of others."

We have met this case, as it has been presented to us, upon

the theory of riparian ownership. But it seems to us that the judgment of the lower court may be sustained upon the further ground, that the use of the stream by the logging company is not in any way involved, within the meaning of the authorities cited, or in any way necessary to the logging operations of appellant. That is to say, the fouling of the water results not from the use of the stream for any purposes incident to the ownership of the land, but from the use of the land itself; and this being so, the condition put upon appellant by the court—that is, that it raise its bridge one foot above the flowing water—is a reasonable regulation in favor of the one who is, and who alone is, using the waters of Stewart creek. In other words, appellant is using the land and not the water, and its pollution is not a necessary incident to the business it is carrying on.

The judgment is affirmed.

RUDKIN, C. J., FULLERTON, MORRIS, and GOSE, JJ., concur.