[No. 9923. Department Two. March 30, 1912.]

## W. B. MILLER et al., Respondents, v. C. M. BAKER et al., Appellants.[1]

WATERS AND WATER COURSES—RIPARIAN RIGHTS—EXTENT OF USE —IRRIGATION—STATUTES—CONSTRUCTION. A lower riparian owner may not go above an upper proprietor and divert the water already appropriated by such upper proprietor, to be used on lands down the stream or on contiguous lands that are not riparian to the stream, to the exclusion of the upper proprietor; as each is entitled to a reasonable use only; and such right is not given by Rem. & Bal. Code, § 6327, authorizing a nonriparian owner to acquire a right of way through other lands for purposes of irrigation.

Appeal from a judgment of the superior court for Stevens county, Yakey, J., entered June 26, 1911, in favor of the plaintiffs, in an action for an injunction, after a hearing before the court. Affirmed.

*Jesseph & Grinstead,* for appellants.
*Jackson & Bailey,* for respondents.

MOUNT, J.—Plaintiffs brought this action to restrain the defendants from diverting the waters of Narcisse creek, in Stevens county, from its natural flow, and from carrying such water around the lands of plaintiffs and using the waters for irrigation upon lands alleged to be nonriparian, so that the surplus waters could not be returned to the stream above the point where it entered the plaintiffs' land. A decree was entered by the trial court enjoining such use. The defendants have appealed.

[1]Reported in 122 Pac. 604.

The facts are briefly as follows: The plaintiffs own 160 acres in section 4, township 34, north, range 40, east, W. M., being the northeast quarter of that section. The defendants own a tract of land comprising about 360 acres. The defendants acquired this land at different times and in different parcels by independent conveyances. This land extends one and one-half miles in length, north and south, and lies to the west of plaintiffs' land. Defendants' land joins plaintiffs' land upon the west. It extends one-quarter of a mile further south and three-fourths of a mile further north. A small creek, known as Narcisse creek, flows diagonally across the plaintiffs' land in a southwesterly direction through about the center of the quarter section. The general course of the stream is southwesterly. It crosses the corner of defendants' land at the southeast corner in the same general course, for a distance of about twenty rods. This stream is small. It does not furnish sufficient water to irrigate all the arid lands lying along the banks.

Prior to the commencement of the action, the defendants procured a right of way north of plaintiffs' land from an intervening owner, and built a dam across the creek, and constructed a ditch about one-half mile north of the plaintiffs' land, and carried the water of the creek from that point across to the defendants' land, lying west of plaintiffs' land, in order to irrigate that tract. This ditch, during the irrigation season, carried substantially all the water of the creek away from its natural flow, and deprived the plaintiffs of any water for irrigation purposes and at times for domestic purposes. The water carried in this ditch did not find its way back to the creek, on account of the topography of the country where it was used for irrigation.

The appellants' opening brief is devoted to a discussion of the contention that the appellants' lands are riparian lands because they are within the watershed of the creek, are held by one ownership in one contiguous body, and the creek flows across the southeast corner thereof. *Jones v. Conn*, 39 Ore.

30, 64 Pac. 855, 65 Pac. 1068, 87 Am. St. 634, 54 L. R. A. 630; *Clark v. Allaman*, 71 Kan. 206, 80 Pac. 571, 70 L. R. A. 971; Wiel on Water Rights (3d ed.), §§ 768-9, are cited as sustaining this contention. The respondents have devoted the greater portion of their brief to the contention that the lands of the defendants, not bordering upon the stream and acquired at different times by separate and independent sources of title, are not riparian lands, and cite a number of authorities to that effect, among which are *Lux v. Haggin*, 69 Cal. 255, 4 Pac. 919, 10 Pac. 674; *Crawford Co. v. Hathaway*, 67 Neb. 325, 93 N. W. 781, 108 Am. St. 647, 60 L. R. A. 889; *Watkins Land Co. v. Clements*, 98 Tex. 578, 86 S. W. 733, 107 Am. St. 653, 70 L. R. A. 964; 2 Farnham on Waters, § 463a.

We find it unnecessary to decide at this time whether the defendants' lands are all riparian to this stream. For the purposes of this case, it may be conceded that they are riparian. But it is clear that, if the whole tract owned by the defendants is riparian land, this is so because the stream crosses the tract at a point in the extreme southeast corner thereof. The stream does not touch the defendants' lands at any other point. The tract is, therefore, riparian to the stream at that point only. The mere fact that a tract of land touches a stream at one point does not make such land riparian at other points on the stream or to the whole of the stream. The riparian right of such land, or the owners thereof, is confined to the points where the land abuts upon the stream. This is stated by Mr. Wiel in his work on Water Rights (3d ed.), § 768, as follows:

" 'It is only the tracts next the stream which are riparian lands, and the owners of such tracts are alone riparian owners.' They alone have the right of access from which the right to take the water arises. 'It is, *of course*, necessary to the existence of a riparian right that the land should be in contact with the flow of the stream.' To be a riparian proprietor one must have access to the stream over the land he owns. 'It is by virtue of that right of access that he obtains his water-rights.' "

This is no doubt the rule.  The defendants in this case are not taking water from the points where their land borders upon the stream.  They say that water may not be taken by gravity from this point because the banks of the stream will not permit.  This point is some distance below the plaintiffs' land.  By reason of the fact that defendants' land is riparian at this point, it is argued that defendants may go above the plaintiffs' land and there take sufficient water to irrigate the whole tract.  If this is true, then any lower riparian proprietor may go above the upper proprietor and take water, to the damage of the upper proprietor.  This, of course, would lead to endless confusion and is not the rule. The rule, we think, is correctly and tersely stated in *McEvoy v. Taylor*, 56 Wash. 357, 105 Pac. 851, 26 L. R. A. (N. S.) 222, as follows:

"Each riparian owner is entitled to a reasonable use of the waters as an incident to his ownership, and as all owners upon the same stream have the same right of reasonable use, the use of each must be consistent with the rights of others, and the right of each is qualified by the rights of others."

See, also, *Aberdeen v. Lytle Logging & Mercantile Co.*, 58 Wash. 368, 108 Pac. 945; *Benton v. Johncox*, 17 Wash. 277, 49 Pac. 495, 61 Am. St. 912, 39 L. R. A. 107; *Nesalhous v. Walker*, 45 Wash. 621, 88 Pac. 1032.

In Farnham on Waters and Water Rights, vol. 2, it is said, at § 465:

"The common law does not deprive all persons of the right to use, but allows all to use, the water in any manner not incompatible with the rights of others.  When it is said that a riparian proprietor has a right to have a stream continue through his land, it is not intended to be said that he has the right to all the water, for that would render the stream, which belongs to all the proprietors, of no use to any.  No proprietor on the banks of a river has a right to use the water to the prejudice of other proprietors above or below, unless he has acquired a prior right to divert it."

See, also, Wiel, Water Rights (3d ed.), § 746; Pomeroy, Riparian Rights, § 125.  This does not mean, however, that

a lower riparian proprietor may go upon or above the land of an upper proprietor and take water which is wont to flow upon and is necessary for and subject to the reasonable use of such upper proprietor, because such use by a lower proprietor is clearly an unreasonable use. In Gould on Waters (3d ed.), it is said at § 217:

"If the water used for irrigation is not abstracted on a person's own land, but is withdrawn at a distance above it or returned at a distance below it, this would have a material bearing upon the question of reasonable use with respect to an opposite or other proprietor affected by such diversion. So, a riparian proprietor who obstructs the stream by a dam for the purpose of overflowing and irrigating his land, or who diverts water for such purpose excessively, and without returning the surplus into the natural channel, is liable to the owner of a mill below, who only uses the water for irrigation and is deprived of that right to an unreasonable extent."

If this is the rule which applies to an upper proprietor, it certainly must apply with greater force to a lower proprietor who goes above an upper proprietor and takes the water away from such upper proprietor to be used on lands down the stream.

Defendants contend that Rem. & Bal. Code, § 6327, gives to each riparian proprietor the right to take water from a riparian stream above an upper riparian owner. The section reads as follows:

"When any person owning . . . lands . . . as specified in the foregoing section, is not a riparian proprietor or being such has not sufficient frontage on said stream . . . to obtain a sufficient flow of water to irrigate his land . . . he shall be entitled to the right of way through the farms or tracts of lands . . . which lie between him and said stream . . . or above and below him."

This section authorizes a right of way, but it does not give a right to take water already appropriated or to take away the rights of a superior riparian owner. In this case, the defendants, who are lower proprietors, have attempted to

make themselves upper proprietors by taking water from the stream at a point above the plaintiffs' land. In addition to this, they have taken at certain times substantially all the water of the creek, to the injury of the plaintiffs, without returning the surplus to the stream.

It seems plain that the judgment restraining such use is right, and it is therefore affirmed.

DUNBAR, C. J., MORRIS, FULLERTON, and ELLIS, JJ., concur.